UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
 GERALDINE BRYANT,

                           Plaintiff,                    COMPLAINT

     -against-                                  CIVIL ACTION

PO Daniel Riera, Shield #14977 Transit District 3; Sgt. John
Doe 1, Transit District 3; PO John Doe 2-5, Transit District 3;
PO Jane Doe 6-8; Captain John Doe 9, Transit District 3;
City of New York,

                           Defendants.
_____X
             **NOW COME** the Plaintiff, **GERALDINE BRYANT,** hereinafter Plaintiff

BRYANT by and through his attorney, **D. Andrew Marshall, Esq.** for her

Complaint against the Defendants, respectfully shows to this Court and allege:


PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the

   Defendants' violations of her rights secured by the Civil Rights Act

   of 1871, Title 42 of the United States Code §1983, by the First,

   Fourth, and Fourteenth Amendments to the Constitution of the

   United States, and the Constitution the State of New York, as well

   as the Charter, rules, regulations and ordinances of the City of

   New York.

2. Plaintiff brings this action seeking compensatory damages,

   punitive damages and attorney fees for violations of her civil

rights by the defendants, their agents, servants and/or employees, while acting under color of law.

3. On or about 3/8/13 at around 4:45 p.m. in the vicinity of IRT 4/5/6 train northbound train platform at the 125th Street and Lexington Avenue subway station, within the confines of the Transit Division District 3, City, County and State of New York, hereinafter "subject location," without a credible reason, without reasonable suspicion or probable cause, P.O. Daniel Riera, hereinafter "Defendant Riera," did top, search and seize Plaintiff Bryant with excessive and unreasonable force in violation of her constitutional and statutory rights under the laws of the United States and the State of New York, and otherwise.

4. On or about 3/8/13 at around 4:45 p.m. at the subject location Defendant Riera assaulted and battered Plaintiff BRYANT with unreasonable and excessive force.

5. On or about 3/8/13 at around 4:45p.m. at the subject location Defendants John Doe 2-5 and Jane Doe 6-8 were present at the subject location and either actively participated in the aforementioned stop, search, seizure,  assault and battery or neglected to intervene on behalf of Plaintiff Bryant.

2

6. Although Sgt. DOE was present in the capacity of a supervisor, and although Sgt. DOE knew or had reason to know that Plaintiff Bryant had not committed a crime, he authorized Plaintiff's stop, search and seizure and condoned the use of excessive force.

7. Although Captain Doe was present in the capacity of a supervisor, and although Captain Doe knew or had reason to know that Plaintiff Bryant had not committed a crime, he authorized Plaintiff's stop, search and seizure and condoned the use of excessive force.

8. Sgt. Doe and Captain Doe abdicated their authority under Patrol Guide and under the laws of the State of New York.

9. The criminal charges against Plaintiff BRYANT were dismissed by the New York County District Attorney.

10. Upon information and belief, the City of New York, the NYPD and the Transit Division District 3, specifically, are aware of and condones patrolling police officers' practice of randomly stopping, and seizing its minority citizenry with excessive force and as such the practice has become a custom and policy within the NYPD.

3

11.   Customarily, nominal disciplinary action, if any, is taken against police officers who violate the rights of those similarly situated as Claimant herein.

12. Defendant NYC is liable for the individual Defendants' acts under the theory of *respondeat superior* because at the time of the incident, they were acting under color of state law in the course and scope of their employment at the Defendant NYC and/or NYPD, a department of the Defendant NYC.

13. As a result of the aforementioned constitutional violations, Plaintiff suffered damages, including derivation of rights, as well as physical, pain and suffering.

<u>JURISDICTION</u>

14. That jurisdiction is founded upon the existence of a Federal Question.

15. That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by

4

the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983.

16. That this an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983, and 1988.

17. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seven-five thousand ($75,000.00) dollars.

VENUE

18.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

JURY DEMAND

19. Plaintiff demands a trial by jury in this action.

PLAINTIFF's INJURIES AND DAMAGES

5

20.     As a direct and proximate consequence of the aforementioned actions by the defendants, Plaintiff:

a)     Suffered physical injuries;

b)     Was denied and deprived of her state and federal constitutional rights, liberties, immunities and privileges;

c)     Was publically shamed, disgraced, ridiculed and humiliated and suffered damage to his reputation;

d)     Continues to suffer severe pain;

e)     Incurred other items of attendant damages.

## PARTIES:

21. Upon information and belief the Plaintiff BRYANT is a citizen of the United States and a resident of the County of the Bronx, City and State of New York.

22.     Upon information and belief, that at all times, hereinafter mentioned, the Defendant the City Of New York, hereinafter "Defendant NYC" was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

23.     Upon information and belief, at all relevant times mentioned

6

herein, Defendant NYC, its departments, agents, servants, and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled divisions of the NYPD, including, but not limited to the Transit Division District 3, as well as the Police Officers, assigned and/or stationed thereat.

24.    Upon information and belief, NYPD is responsible for the appointing, hiring, training, re-training, directing, supervising, investigating, disciplining, overseeing and promoting Police Officers and supervisory Police Officers, including at the Transit Division District 3 and the individually named Defendants herein.

25.    Upon information and belief, at all times hereinafter mentioned, on or about 3/8/13, and at all other relevant times, **Defendant P.O. Gary Riera , Shield #14977**, hereinafter "Defendant Riera ," was employed by Defendant NYC and NYPD at the Transit Division District 3, as a Police Officer. He is sued in his individual and official capacities.

26.    Upon information and belief, at all times hereinafter mentioned, on or about 3/18/13, and at all other relevant times, **Defendant Sgt. John Doe 1**, hereinafter "Defendant Sgt. Doe 1," was employed by Defendant NYC and NYPD at the Transit

7

Division District 3, as a Police Officer with the rank of Sgt. with first line supervisory responsibilities duties. He is sued in his individual and official capacities.

27.     Upon information and belief, on 3/18/13, and at all other relevant times, **Defendant Police Officers John Doe 2-5**, hereinafter "Defendants Doe 2-5," were employed by Defendant NYC and NYPD at the Transit Division District 3, as Police Officers.  They are sued in their individual and official capacities.

28.     Upon information and belief, on 3/18/13, and at all other relevant times, **Defendants Police Officers Jane Doe 6-8**, hereinafter "Defendants Doe 6-8," were employed by Defendant NYC and NYPD at the Transit Division District 3, as Police Officers.  They are sued in their individual and official capacities.

29.     Upon information and belief, on 3/18/13, and at all other relevant times, **Defendant Captain John Doe 9**, hereinafter "Defendant Captain Doe 9," was employed by Defendant NYC and NYPD at the Transit Division District 3, as a supervising officer. He is sued in their individual and official capacities.

30.

8

31. As used herein, the term "Police Officer" is intended to refer to NYPD officers in the general and not to any specific rank, title, or position.

32. Sgt. Doe 1, Defendant John Doe 2-5 Defendant Jane Doe 6-8 and and Captain Doe 9 were employed by Defendant NYC, as Police Officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.

33. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, assignees, employees, servants, or officers of Defendant NYC and NYPD when engaging in the conduct described herein.

34. Upon information and belief, at all relevant times mentioned herein, Defendant NYC, its departments, agents, servants, and/or employees were charged with hiring, training, retraining, directing, supervising, investigating, disciplining, overseeing, appointing, and promoting its officers, supervisors, and staff in their employ, including but not limited to the defendants herein.

35. Defendant NYC and NYPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or

officers of as said risks attach to the consumers of the services provided by the defendants.

36.    The Defendant NYC and NYPD remains the public employer of the named defendant Police Officer.

37.    Upon information and belief, at all relevant times mentioned herein, the defendant officers were acting under the direction, supervision, authority and/or control of Defendant NYC and/or NYPD, agents, servants, and/or employees.

38.    The NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including, but not limited to those with respect to the procedure for the stop, search and seizure of suspects, the use of and threat of use of force, strip searches, body cavity searches, reporting and investigating complaints and grievances by detained or arrested persons, reporting and investigating abuses, deprivations of detained or arrested persons' rights through acts and omission by staff, and provision and access to medical and other programs services mandated by local law and court orders.

39.    In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees, including

10

those that are inconsistence with formal policy.

40.     Upon information and belief, at all relevant times mentioned herein, the use of excessive and unreasonable force in a retaliatory manner constitutes unwritten NYPD policies and customs because they are widespread, long-standing and deeply embedded in the culture of the agency.

41. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants in furtherance of their employment by Defendant NYC and NYPD with the power and authority vested in them as officers, agents and employees of Defendant NYC and NYPD and/or incidental to the lawful pursuit of their duties as officers, agents, assignees, employees, or servants, of Defendant NYC and NYPD.

42.     At all times mentioned herein, Defendant Sgt. Doe 1 and Captain Doe 9 had direct first-line supervisory responsibilities for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general and the Plaintiff in particular, who came into contact with the officers at the Transit Division District 3.

43.     These responsibilities were required to be carried out in a

11

manner consistent with the laws and mandates that govern and control the Defendant NYC and NYPD, including City and NYPD directives and orders concerning: the use of force, the reporting of the use of force, reporting and classifying arrests; the provisions of and access to medical care, treatment and services; and otherwise.

44.    The defendant police officers herein were those officers employed by Defendant NYC and/or NYPD who conspired to and in fact did violate Plaintiff's civil and constitutional rights.

## STATEMENT OF FACTS:

45.    Upon information and belief, on about the late afternoon of 3/8/13 the Defendant RIERA was on patrol at the NYC Transit Authority IRT No. 4/5/6 subway line at 125th Street and Lexington Ave.

46.    Upon information and belief, on about the late afternoon of 3/8/13 Plaintiff Bryant was a legal passenger on a northbound Lexington Ave./IRT subway.

47.    Upon information and belief, Plaintiff Bryant, while commuting home got into an dispute with another commuter as the subway advanced towards 125th Street and Lexington Ave.

12

48.    When the subway arrived at 125th Street and Lexington Ave, Defendant RIERA and the other defendants met and escorted Plaintiff Bryant and the false accuser off of the subway onto the platform allegedly to investigate the incident.

49.    Plaintiff Bryant cooperated with the investigation and asserted her innocence.

50.    Defendant Riera arbitrarily decided to arrest Plaintiff Bryant to which she objected.

51.    Sgt. Doe 1, Defendant Riera, Defendant John Doe 2-5, and Jane Doe 6-10 took umbrage at Plaintiff Bryant exercising her First Amendment right.

52.    Sgt. Doe 1, Defendant Riera, Defendant John Doe 2-5, and Jane Doe 6-10, in retaliation, tackled Plaintiff Bryant to the ground.

53.    Sgt. Doe 1, Defendant Riera, Defendant John Doe 2-5, and Jane Doe 6-10, in retaliation, applied excessive and unreasonable force to her various limbs.

54.    Although Plaintiff Bryant was in agony, and complained of injury, she never resisted her seizure.

55.    The Defendant Police Officers rear-cuffed Plaintiff Bryant.

13

56.    The Defendant Police Officers perp-walked Plaintiff Bryant
from the subway platform to the street level where she was placed
inside of an awaiting police vehicle parked at 125th Street and
Lexington Avenue.

57.    The Defendant Police Officers never investigated the extent of
Plaintiff Bryant's injuries.

58.    Defendant Sgt. Doe 1 authorized the issuance of a Desk
Appearance Ticket (DAT).

59.    Defendant Captain Doe 9 authorized the issuance of a Desk
Appearance Ticket (DAT).

60.    Defendant Riera detained her there as he drafted and
thereafter issued the initial charging papers.

61.    Upon information and belief, when the Defendant Riera
arrived at the Precinct, he falsified reports that Plaintiff Bryant
had violated the law.

62.    That at all relevant times, the Defendants knew or had reason
to know that Plaintiff Bryant had not violated the law.

63.    That at all relevant times, the Defendants knew or had reason
to know that Plaintiff Bryant had not done anything to justify the
level of force used to subdue her.

14

64.    That at all relevant times, the Defendants knew or had reason to know that the level of force use on an individual would result in physical injury.

65.    That at all relevant times the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

66.    That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff Bryant was made to answer the above charges before the Criminal Court of the City of New York, New York.

67.    That as a consequence of the Defendants conscious acts and deliberate omissions, Plaintiff Bryant sustained serious physical injuries.

68.    Upon information and belief, Defendant Riera  swore out a criminal court complaint and prosecuted Plaintiff Bryant under Docket Number 2013SN030396 until the New York County District Attorney dismissed said complaint in favor of Plaintiff Bryant pursuant to CPL §170.55.

15

69.   That at all relevant times the Defendant Police Officers were present at the scene of the stop and seizure as part of his regular and official employment as a police officer for the Defendant NYC and NYPD.

70.   That as a consequence of the Defendants' conscious acts and deliberate omissions, in addition to the physical injuries and false charges being leveled against her, Plaintiff Bryant was deprived of her civil and constitutional rights.

71. That at all relevant times, the Defendants were malicious and reckless in their actions towards the Plaintiff because they knew that the Plaintiff was wholly innocent, but they nevertheless falsely imprisoned the Plaintiff with excessive force.

72.   The defendants' action arises under the United States Constitution, particularly under provisions of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

73.   Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and employees, and

16

each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and under the authority of their office as Police Officers of said state, city and county.

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF
PLAINTIFF BRYANT:
CIVIL RIGHTS ACTION 42 USC §1983

74.    Plaintiff Bryant, hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

75.    This action arises under the United States Constitution, particularly under provisions of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Acts, Title 42 of the United Code, §1983 as well as the rights under Article 1, Section 12 of the Constitution and laws of the State of New York.

76.    Each and all of the Defendants' acts alleged herein were done by the Defendants, their agents, servants and employees, and each of them, under the color and pretense of the statutes, ordinances,

17

regulations, customs and usages of the State of New York, the City

of New York, New York City Police Department, and under the

authority of their office as Police Officers of said state, city and

county.

77. That at all relevant times, the Defendants and each of them,

separately, and in concert acted under color and pretense of law,

to wit: conspired to violate Plaintiff's civil rights; engaged in the

illegal conduct here mentioned to the injury of Plaintiff BRYANT

and deprived him of the rights, privileges and immunities secured

to Plaintiff by the First, Fourth, and Fourteenth Amendments to

the Constitution of the United States and the laws of the United

States, all without legal cause or justification and with purposeful,

all resulting in damage to Plaintiff.

78.    As set forth above, Police Officers failed to notify Defendant

NYC or state or federal authorities as to what they had seen

and/or heard.

79.    As set forth above, the Police Officers supervisory personnel

failed to take appropriate action to investigate and report the

subject incident.

18

80.    As set forth above, the subject incident constituted an unnecessary and unreasonable stop, search and seizure.

81.    The defendants acted with deliberate indifference to the Plaintiff's rights, privileges and immunities, health, safety, welfare and security.

82.    As set forth above, unlawful and illegal conduct of the Defendants, agents, servants, and employees, and each of them, deprived the Plaintiff of her rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the deprivation, physical, psychological and emotional injuries Plaintiff suffered.

83.    The defendants, by reasonable diligence, could have prevented the aforementioned wrongful acts from being committed.

84.    The defendants, by reasonable diligence, could have mitigated Plaintiff's injuries had they intervened in the aforementioned unlawful conduct and/or protected Plaintiff.

85.    The City and/or NYPD, their agents, servants, and/or employees including but not limited to the defendants herein, violated Plaintiff's constitutional rights by:

19

a) Unlawfully stopping Plaintiff;

b) Subjecting Plaintiff to excessive and unreasonable force;

c) Unlawfully causing and/or allowing the false detention and imprisonment of Plaintiff to occur;

d) Failing to intercede on behalf of Plaintiff to prevent the Constitutional violations aforesaid, despite having an opportunity to do so, but due to their deliberate indifference, declined to do so;

e) Failing to provide timely and due medical care and treatment to Plaintiff;

f) Depriving Plaintiff access to and redress to the court;

g) Denying Plaintiff equal protection of the law;

h) Engaging in a cover-up in order to conceal the wrongful and unlawful conduct taken against Plaintiff, and;

86.    That the aforesaid actions and omissions violations violated 42 U.S.C. §1983.

87.    That the Defendants, who tacitly and implicitly agreed to enter into a nefarious scheme, wrongfully deprived and compelled the Plaintiff to abandon her rights and privileges as provided to him

20

under the Constitution of the United States of America, the
Constitution of the State of New York, and laws thereto.

88.    That as a result of the foregoing, Plaintiff was deprived of
rights, privileges and/or immunities secured  under the
Constitution of the United States of America, the Constitution of
the State of New York, and laws thereto and has been damaged
thereby.

89.    That as a result of the foregoing, Plaintiff is entitled to
compensatory damages, and punitive damages against the
individual defendants, and attorney's fees, costs, expert's fees and
disbursements pursuant to 42 U.S.C. § 1988.

SECOND CAUSE OF ACTION:
PUNITIVE DAMAGES AGAINST INDIVIDUALLY
NAMED DEFENDANTS

82.    Plaintiff Bryant hereby repeats, reiterates and re-alleges each allegation
contained in the proceeding paragraphs with the same force and effect set
forth herein, and further alleges:

83.    Plaintiffs seek punitive damages against each individually named
Defendant including but limited to Defendant Riera.

84.    Plaintiffs seek punitive damages against each individually named officer to
deter not only these Defendants Police Officers but other like minded
individual Police Officers from engaging in future similar egregious conduct.

21

85.     That punitive damages are warranted under the facts and circumstance of this case because Defendant Riera acted with deliberate, premeditated and specific intent as part of a policy to unreasonably and unlawfully deprived Plaintiffs of their rights, liberties and immunities.

86.     That punitive damages are warranted under the facts and circumstance of this case because Defendant Riera was motivated by  prejudice, disdain, contempt  or other impermissible grounds such as Plaintiff's race or social status, resulting in an unreasonable and unlawful deprivation of Plaintiffs' rights, liberties and immunities.

87.     That by reason of the aforementioned violations, Plaintiffs request the following relief:

a)  Compensatory damages in the sum of Thirty-Million ($30,000,000.00) Dollars for each cause of action;

b)  Punitive damages in the sum of Five-Million ($5,000,000.00) Dollars for each cause of action.

c)  An award of reasonable attorney's fees, costs and disbursements;

d)  Plaintiff's requests a trial by jury of all issues involved in this complaint;

e)  Such other and further relief as this Court may deem just and proper under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION:
### ATTORNEY FEES 42 U.S.C. §1988

88.     Plaintiff Bryant hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with

the same force and effect as if more fully and at length set forth
herein, further alleges:

89.     That the Plaintiff makes a claim for attorney's fees and costs
predicated upon 42 U.S.C. §1988 which authorizes the award of
attorney's fees and costs to the prevailing plaintiff in actions
brought pursuant to 42 U.S.C. §§1981, 1983, 1985(3), and the New
York Civil Practice Law and Rules, Article 86, for the pendant
claims arising under state law.

90.     That the Plaintiff is entitled to and hereby makes claim for the
recovery of reasonable attorney's fees incurred as a result of
prosecuting their claim against the individually named Police
Officer pursuant to 42 U.S.C. §1988.

AS AND FOR FOURTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF: *FAILURE TO INTERVENE*

91. Plaintiff Bryant hereby repeats, reiterates and re-alleges each and
every allegation contained in the proceeding paragraphs with the
same force and effect as if more fully and at length set forth
herein.

92.     Those individual Defendants that were present but did not
actively participate in the aforementioned unlawful conduct

23

observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and/or stop the events alleged herein, and failed to, inter alia, report the unlawful conduct alleged herein to supervisors; investigate, sanction, and/or discipline and participant.

93.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

94.     That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## AS AND FOR FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: *EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983*

95.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

96.     The Defendants' conduct was tantamount to discrimination against Plaintiff based on her status as an African American.

24

97.    Other individuals who are not marginalized African Americans
are not targeted for false arrests and other constitutional and
statutory deprivations.

98.    This disparate treatment caused Plaintiff to suffer serious
injuries and deprivations.

99.    As a result of the foregoing, Plaintiff was deprived of her rights
under the Equal Protection Clause of the Constitution of the
United States, and is thereby entitled to damages.

100.   That as a result of the foregoing, Plaintiff is entitled to
compensatory damages, and punitive damages against the
individual defendants, and attorney's fees, costs, expert's fees and
disbursements pursuant to 42 U.S.C. § 1988.


AS AND FOR SIXTH CAUSE OF ACTION ON BEHALF OF
PLAINTIFF: *SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

101.   Plaintiff hereby repeats, reiterates and re-alleges each and
every allegation contained herein with the same force and effect as
if more fully and at length set forth herein.

102.   Defendants Sgt. Doe 1 and Captain Doe 9,  personally caused
Plaintiff's constitutional injuries by being deliberately or

25

consciously indifferent to the rights of Plaintiff and those similarly
situated in failing to properly supervise their subordinate
employees regarding the care and custody, investigation and
safeguarding inmates from institutional abuse.

103. Defendants Sgt. Doe 1 and Captain Doe 9personally caused
Plaintiff's constitutional injuries by being deliberately or
consciously indifferent to the rights of others in failing to properly
supervise their subordinate employees regarding the adequate
and proper marshaling of evidence.

104. Defendants Sgt. Doe 1 and Captain Doe 9personally caused
Plaintiff's constitutional injuries by being deliberately or
consciously indifferent to the rights of others in failing to properly
supervise his/her subordinate employees regarding the adequate
and proper grounds for executing stops, searches, and seizures of
Plaintiff and those similarly situated, despite no legal basis for
doing so.

105. As a direct and proximate result of this conduct, Plaintiff
sustained the damages herein alleged.

106. That as a result of the foregoing, Plaintiff is entitled to
compensatory damages, and punitive damages against the

26

individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### AS AND FOR SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF: MUNICIPAL LIABILITY

107.   Plaintiff Bryant hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein.

108.   The Defendant City of New York, it departments, agents, servants, employees, collectively and individually, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of the City and/or NYPD, but which is forbidden by the Constitution of the United States.

109.   Defendant NYC, through the NYPD, has had, and still has hiring practices that it knows will lead to the hiring of Police Officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

27

110.    Defendant NYC, through the NYPD, has a de facto policy that encourages, *inter alia*, abuse, negligent investigations, unlawful arrests, the fabrication of evidence, and perjury.

111.    Defendant NYC, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourages *inter alia*, abuse, negligent investigations, unlawful arrests, the fabrication of evidence, and perjury.

112.    Defendant The City of New York, through the NYPD have had, and still have, hiring practices that they know will lead to the hiring of employees lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

113.    Defendant NYC through the NYPD, has de facto policies that encourage competition among employees.  These policies encourage *inter alia*, abuse, negligent investigations, unlawful arrests, the fabrication of evidence, perjury, and improper manipulation of subordinates.

114.    Defendant NYC through the NYPDs actions and omissions have created and maintained the perception among high-ranking

supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

115.    Defendant NYC, at all relevant times, were aware that the individual Defendant routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

116.    Defendant NYC through the NYPD, at all relevant times, was aware that the individual Defendant are unfit officers, attorneys, and employees who have previously committed the acts alleged herein  and/or have a propensity for unconstitutional conduct. These policies, practices, and customs were the moving force behind Plaintiffs injuries.

117.    The Defendant NYC, through a policy, practice and custom, directly caused the constitutional violations suffered by Plaintiff.

118.    Upon information and belief, the Defendant NYC, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein have a

29

propensity for unconstitutional conduct, or have been
inadequately trained.

119.    Nevertheless, the Defendant NYC exercised deliberate
indifference by failing to take remedial action.

120.    The Defendant NYC failed to properly train, retrains,
supervises, discipline, and monitor the defendants and
improperly retained and utilized them.  Moreover, upon
information and belief, the Defendant NYC failed to adequately
investigate prior complaints filed against the defendants.

121.    In addition, the following are City policies, practices and
customs:

a) Abusing innocent individuals, based on a pretext, in    order
to meet productivity goals;

b) Fabricating evidence against individuals;

c) Using and threatening the use of excessive force on
individuals;

d) Retaliating against individuals who engage in free speech

e) Ignoring the constitutional rights of the general public;

f) Ignoring the constitutional rights of the persons in their care
and custody;

30

g) Use force in an unreasonable, unnecessary, unjustified and excessive manner;

h) Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

i) Inadequately and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

j) Tolerating acts of brutality;

k) IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

l) Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection, prosecution and punishment, and are maintained with deliberate indifference

m) Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by

31

fellow officers, thereby establishing and perpetuating a "code of silence" which has becomes ingrained in the defendants so to constitute a policy of the City, and NYPD.

122.   That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

   a)   Compensatory damages against all Defendant, jointly and severally;

   b) Punitive damages against the individual Defendant, jointly and severally;

   c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

   d) Such other and further relief as this Court deems just and

proper.

Dated:   New York, New York
         The 8th day of March 2016

                                        /s/
                         _____
                         D. Andrew Marshall, Esq.
                         Attorney for the Plaintiff
                         225 Broadway, Suite 1804
                         New York, New York 10007
                         (212) 571-3030 (office)
                         (212) 587-0570 (facsimile)
                         marshall.law4@verizon.net

33